# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| ANGELA L. HALL, | ) |
| | ) |
|        Plaintiff, | ) |
| v. | ) |
| | )   CIVIL NO. 2005/0170 |
| TREASURE BAY VIRGIN | ) |
| CORPORATION, d/b/a DIVI CARINA | ) |
| BAY CASINO, | ) |
| | ) |
|        Defendants. | ) |
| _____ | ) |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on the Motion to Compel Arbitration and to Stay Pending Arbitration filed by Defendant Treasure Bay Virgin Island Corporation [hereinafter "Divi Casino"]. Plaintiff Angela Hall opposes arbitration on the basis that the Hourly Employee Agreement she entered into with Divi Casino is both procedurally and substantively unconscionable, and therefore, unenforceable.

**I.**    **Background**

The following background information is extracted primarily from Hall's Complaint:

Angela Hall, a black, West Indian female, from the United States Virgin Islands, began working for Divi Casino as a Casino Cashier on March 1, 2000. She entered into an Hourly Employee Agreement with Divi Casino setting her rate of pay at $8.00 per hour and obligating her to arbitrate disputes with Divi Casino, including the claims made in her Complaint.

Hall received several promotions. She was promoted from Casino Cashier to Casino Main Banker to Cage Supervisor, and ultimately, to Assistant Cage Manager. While Hall held the Assistant Cage Manager position, a white female from the continental United States was

hired as Cage Manager.

The Cage Manager disciplined and demoted Hall. Hall alleges that she was treated differently than a male employee who was not disciplined or demoted. A white female from the continental United States was given Hall's position as Assistant Cage Manger without the position being properly posted.

Hall filed a charge of discrimination with the Virgin Islands Department of Labor and the EEOC. The Cage Manager subjected Hall and other black, West Indian female employees to racially derogatory comments, deliberately intending to cause Hall to quit her job. Hall ultimately left her employment with Divi Casino as a result of the discipline, demotions, and racial harassment.

Hall has sued Divi Casino for discrimination under Title VII and 42 U.S.C. § 1981, breach of contract, bad faith and unfair dealing, and negligent and intentional infliction of emotional distress.

**II.     Unconscionability**

"If a contract or term thereof is unconscionable at the time the contract is made a court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term, or may so limit the application of any unconscionable term as to avoid any unconscionable result." Alexander v. Anthony Intern., L.P., 341 F.3d 256, 264 (3d Cir. 2003). For a contract to be considered unconscionable, it must be both procedurally and substantively unconscionable.  "Procedural unconscionability pertains to the process by which an agreement is reached and the form of an agreement . . . ." Id. at 265 (quotation omitted). Terms of a contract

are substantively unconscionable when they so unreasonably favor one party that the disfavored party does not truly assent. Id.

    A.    Procedural Unconscionability

When an agreement constitutes a contract of adhesion, it is procedurally unconscionable. Id. That is, there is no meaningful choice on the part of the disfavored party regarding acceptance of the provisions. Id. Hall contends that the Hourly Employee Agreement is a contract of adhesion. In its reply, Divi Casino does not contest this proposition. Given Divi Casino's apparent concession, the Court finds the Hourly Employee Agreement to be procedurally unconscionable.

    B.    Substantive Unconscionability

Hall contends that numerous clauses of the arbitration provisions of the Hourly Employee Agreement are unconscionable, including (1) the requirement that the employer be notified within 30 days of any claim; (2) a notification procedure that Hall considers burdensome; (3) the ban on award of costs and attorney's fees: (4) a clause requiring the loser to pay the arbitrator's costs and fees; (5) the lack of reference to the arbitration as "final and binding"; and (6) a limitation on the relief that the arbitrator can afford the employee. The Court examines each of these clauses for substantive unconscionability.

    1.    The 30-Day Notification Requirement

As Divi Casino acknowledges, the Third Circuit in Parilla v. IAP, 368 F.3d 269, 277 (3d Cir. 2004) has already determined that requiring an employee to notify an employer within 30

3

days of a claim arising is unconscionable. Given this binding precedent, Divi Casino concedes that the 30-day notification requirement of the Hourly Employee Agreement is substantively unconscionable.

### 2. The Notification Procedure

Hall complains that the following notification procedure is substantively unconscionable:

> The written notice submitted by the Employee shall describe the event forming the basis of the claim, a description of the claim, the relief sought by Employee, and an address and telephone number where Employee can be reached. Notice must be given to the General Manager by hand delivery or by certified mail, return receipt requested . . . . If notice is given by hand delivery, Employee must retain a receipted copy of the notice. If notice is given by certified mail, Employee must retain a copy of the return receipt. In the event that timely notice is not provided to the Company as set forth herein, it is agreed that the Employee has waived Employee's right to assert the claim, and shall have no further remedy against Employer.

Hourly Employee Agreement, ¶ 19.

The Court finds that this notification procedure requires no more than necessary to inform Divi Casino of the nature of Hall's claim and the remedy she seeks. Compliance with the notification procedure also ensures that Divi Casino receives Hall's claim and that Hall can verify such receipt. There is nothing so onerous about the notification procedure as to place an unfair burden on Hall, the party in the weaker bargaining position. Therefore, the notification procedure is not substantively unconscionable.

### 3. The Ban on an Award of Costs or Attorney Fees

Paragraph 19 of the Hourly Employee Agreement provides that "[o]ther than arbitrator's fees and expenses, each party shall bear its own costs and expenses, including attorney's fees."

In Parilla, the Third Circuit held that the exact same clause in the agreement that Parilla entered into was substantively unconscionable with respect to both a Title VII claim and claims under Virgin Islands law.  368 F.3d at 278.  Divi Casino concedes that given this precedent, this term of the arbitration provision is substantively unconscionable.

        4.     The Loser Pays Clause

Whether a loser pays provision is unconscionable turns on an individual assessment of ability to pay.  See Parilla v. IAP Worldwide Services, VI, Inc., 368 F.3d 269, 283-84 (3d Cir. 2004).  Although Hall has submitted evidence of the cost of arbitration, which Divi Casino has not disputed, she has not submitted evidence of what her expenses were at the time that she entered into the Hourly Employee Agreement.  Notwithstanding this paucity of evidence, the Court finds that the loser pays provision would deter Hall, with a pay rate of $8.00 per hour, from pursuing a meritorious claim for fear of being strapped with an unmanageable financial burden.  See  Alexander v. Anthony Intern., L.P., 341 F.3d 256, 269 (3d Cir. 2003).  "Simply the prospect that the employee may have to pay the entire amount of the arbitrator's fees and expenses may serve to chill her willingness to bring a claim."  Parilla, 368 F.3d at 284.  Therefore, the loser pays provision is also substantively unconscionable.

        5.     Notice that Arbitration is Final and Binding.

Hall complains that the arbitration provisions are unconscionable because they fail to inform her that arbitration is final and binding.  Although the Hourly Employee Agreement does not use the terms "final and binding," it states that "[a]ny controversy or claim . . . shall be resolved by arbitration and not in a court or before an administrative agency.  Judgment on the

award rendered may be entered in any court having jurisdiction over the matter." Hourly Employee Agreement, § 16.  It further provides that "[a]rbitration shall take place pursuant to the Federal Arbitration Act an in accordance with the Rules governing arbitration set forth in the National Rules for the Resolution of Employment Disputes of the American Arbitration Association [hereinafter "the AAA Rules]." Hourly Employee Agreement, ¶ 19.  Such AAA Rules state: "The arbitrator's award shall be final and binding."

Hall does not ask the Court to construe the Hourly Employee Agreement as calling for non-binding arbitration.  Rather she points the Court to the fact that nowhere in the arbitration provisions are found the words "final and binding."  However, given the Hourly Employee Agreement's explanation that the claims will not be resolved by the court or before an administrative agency, and that the court's role is limited to entering a judgment on the arbitration award, along with incorporation of the AAA Rules which refer to the arbitrator's award as final and binding, the Court finds that Hall was sufficiently informed that arbitration would be final and binding.  See, e.g., Rainwater v. Nat'l Home Ins. Co., 944 F.2d 190, 192-94 (4th Cir. 1991) (holding that incorporating AAA rules providing for entry of judgment upon the arbitration award makes the arbitration binding).  While reference to the arbitration as "final and binding" would certainly be preferred, the absence of this precise language is not unconscionable.

      6.     <u>The Constraint on the Arbitrator's Award</u>

Paragraph 20 of the Hourly Employee Agreement limits the relief an arbitrator may award:

> The arbitrator, in rendering a decision, may uphold the actions of the Company or may grant relief to Employee.  If the arbitrator finds that disciplinary action was

>merited, the arbitrator may not alter or amend the form of disciplinary aciton imposed by the Company.

This is contrary to the AAA Rules which provide that: "The arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court including awards of attorney's fees and costs, in accordance with applicable law."

Moreover, it contravenes the statutory protection afforded by various civil rights laws. For example, reinstatement is a preferred remedy under Title VII, 42 U.S.C. § 2000e-5(g)(1). Ellis v. Ringgold School Dist., 832 F.2d 27, 30 (3d Cir. 1987).  The Virgin Islands Wrongful Discharge Act also provides for reinstatement.  24 V.I.C. § 77(c).  If Divi Casino fired an employee and the arbitrator were to determine that some lesser disciplinary action was appropriate, but that discharge was not warranted under one of the nine enumerated reasons of the Wrongful Discharge Act, 24 V.I.C. § 76(a)(1)-(9), or was utilized disparately against a protected class, the arbitrator would be prevented by paragraph 20 from providing full statutory relief.

The Supreme Court has reasoned that "so long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 637 (1985).  This implies the inverse: When a prospective litigant may not effectively vindicate its statutory cause of action in the arbitral forum, the statue will not continue to serve both its remedial and deterrent functions.  Because, under the Hourly Employee Agreement, which constrains the remedies that the arbitrator may award, the employee cannot vindicate certain statutory causes of action, the functioning of such statutes is not realized.

Therefore, the arbitral forum, given this restriction on the arbitrator, is less effective than the administrative and judicial forums.  A procedurally unconscionable agreement in which an employee relinquishes statutory rights is substantively unconscionable.  The arbitration clause of the Hourly Employee Agreement limiting the relief that an arbitrator may award once the arbitrator finds some form of disciplinary action merited is, therefore, substantively unconscionable.

## II.     Severability

In <u>Alexander v. Anthony Intern., L.P.</u>, plaintiffs were given no real choice but to face "a burdensome requirement to pay the arbitrator's fees and costs if unsuccessful," to "comply with an unreasonable time limitation," to lose any right to attorney's fees" and "to give up the chance to receive any relief beyond either reinstatement or 'net pecuniary damages.'"  341 F.3d at 271.  The agreement also had a "loser pays" provision.  <u>Id.</u> at 271 n.13.  The Third Circuit refused to allow severance, finding the terms draconian and unreasonably favoring Anthony Crane to the severe disadvantage of plaintiffs.  <u>Id.</u> at 271.  The Third Circuit held:  "The cumulative effect of so much illegality prevents us from enforcing the arbitration agreement. Because the sickness has infected the trunk, we must cut down the entire tree."  <u>Id.</u>

The Hourly Employee Agreement that Hall signed is similar to that in <u>Alexander</u>.  It incorporates an unreasonable time limitation, a relinquishment of attorney's fees and a loser pays provision.  It also gives up the chance to receive the relief of reinstatement, when the employee's conduct merits only a less harsh form of discipline. As in <u>Alexander</u>, "unconscionability permeates the agreement . . .  and thoroughly taints its central purpose of requiring the arbitration

of employment disputes." Id.; cf. Parilla, 368 F.3d at 289 (suggesting that, unlike here, because the arbitrator's ability to completely resolve employment disputes was unrestricted, unconscionable provisions might be severed).

**III.     Conclusion**

In this decision, the Court acknowledges that certain clauses of the arbitration provisions have already been recognized by the Third Circuit as unconscionable. The only clause that the Court finds unconscionable that the Third Circuit has not yet considered is the restraint on the arbitrator's award limiting the arbitrator to affirm the form of discipline meted out by the employer once the arbitrator determines that some disciplinary action was merited. The Court considers this term to be unconscionable as thwarting the statutory objectives of certain local and federal employment laws providing for reinstatement. Because, as in Alexander, the arbitration provisions are permeated with multiple unconscionable clauses, constituting serious misconduct by Divi Casino, the Court denies the motion to compel arbitration.

ENTER:

DATE:     March 9, 2009

_____/s/_____
RAYMOND L. FINCH
SENIOR DISTRICT JUDGE